UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Sixty Sixty Condominium Association, Inc.                Case No. 16-26187-RAM

    Debtor-in-Possession.                                              Chapter 11
_____/

Sixty Sixty Condominium Association, Inc.,               Adversary Number: 17-01171-RAM

    Plaintiff,
v.

Schecher Group, Inc. d/b/a
SG Shared Components,

    Defendant.
_____/

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, Sixty Sixty Condominium Association, Inc. (the "Plaintiff"), by and through its undersigned counsel, and pursuant to FRBP 7034, requests that the Defendant produce and deliver on or before **4:30 p.m., Friday, June 30, 2017** to Brett D. Lieberman, Esq. at the offices of Messana, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301, all of the documents as requested herein.

*DEFINITIONS*

    1.    "Affiliate" shall have the same meaning as ascribed in 11 U.S.C. 101(2).

    2.    "And" and "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this request any Documents which might otherwise be construed to be outside of its scope.

    3.    "Any" and "All Documents" means every Document or group of Documents or Communications that are known to you or that can be located or discovered by reasonably diligent efforts. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

4. "Case" means the above-captioned case.

5. "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, any transfer of thoughts or ideas between Persons by means of Documents, any transfer of data from one location to another by electronic or similar means, and any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.).

6. "Concerning" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

7. The "Condominium" means that certain condominium building located at 6060 Indian Creek Drive in Miami Beach, Florida.

8. "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

9. Copies of Documents which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available shall be considered to be separate Documents.

10. "Debtor" means Sixty Sixty Condominium Association, Inc. and includes any and all members, agents, employees, directors, officers, accountants, attorneys, affiliates and servants and other persons acting or purporting to act on Debtor's behalf as well as its parents, subsidiaries, partnerships, predecessors in interest, and successors in interest.

11. "Document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, deposit slips, statements, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks and recordings), materials, and agreements, as well as any medium of expressions, fixed and in tangible form.

12. "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information

stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; compact disks; backup and archival tapes; removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Goggle Talk, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.); proprietary software and inactive or unused computer disk storage areas; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; e-mail message; image files; sound files; video files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: Document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence, telegrams, memoranda, Communications, minutes or records of meetings and conferences, lists of Persons attending meetings or conferences, summaries, records of conversations, drafts, notes, notebooks, logs, invention records and disclosures, translations, drawings, graphs, charts, photographs, sound recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, summaries, agreements, forecasts, plan drawings, mask works, engineering drawings, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases and drafts of any of the foregoing. All electronically stored information produced shall be produced in its native format. If electronically Stored Information is not reasonably useable in its native form, then all software, instructions, or tools necessary to make the information reasonably useable must also be provided or identified.

13. "Including" is used in the sense of specification and is not to be construed as a word of limitation.

14. "Insider" shall have the same meaning as ascribed in 11 U.S.C. 101(31) and for purposes of application, the Schecher Group, Inc. shall replace the word "debtor" within the definition.

15. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, firm, or other business enterprise, governmental body, group of natural persons or other entity, employee, agent, servant, subsidiary, parent company, affiliated company and any other person or entity or Representative acting or purporting to act on behalf or under his/her control.

16. All words in the present tense include the past, and all words in the past tense include the present tense.

17. To the extent Documents responsive to the requests herein include privileged information, please redact the privileged information prior to producing Documents and provide a privilege log regarding same.

18. "Representative" means any and all agents, employees, servants, officers, directors, accountants, attorneys, or other persons acting or purporting to act on behalf of the person in question.

19. As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders and shall not be interpreted so as to exclude any information or Documents otherwise within the scope of this request.

20. The terms "Support", "Evidence", "Evidencing", "Relate to", "Relating to", "Related to", "Referred to", "Concerning", "Pertaining to", Involving", and "Regarding" shall mean anything which directly or indirectly concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, arises out of or in connection with, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to provide or disprove the matter discussed.

21. "You", "Your" and "Yourself" means and refers to each Person and entity to whom these requests are directed and all agents, employees, servants, officers, directors, accountants, and attorneys, and any other person acting for, or on behalf of, or under the authority or control of such Person or entity, or others who are in the possession of or who may have obtained information for or on behalf of such Person or entity. It is also means and refers to any legal entity as to which such Person or entity has served, or does serve, as an officer, director, member, manager, partner, direct owner, or indirect owner.

## *INSTRUCTIONS*

The following instructions shall apply to this document request:

A. This document request is continuing in nature. When new knowledge or information comes to your attention, you shall supplement the information supplied in the responses to the document requests forthwith.

B. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained and the name of the Documents being produced.

C. When producing the required Documents, please produce all other Documents that are clipped, stapled or otherwise attached to any requested Document.

D. In the event a Document or file has been removed, please state the name and address of the person who removed the Document or file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

E.	If any Document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the Document is incapable of production.

F.	For each and every Request herein, you shall produce Documents in your possession, custody, or control which shall include, but not be limited to, Documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person.  The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereto.  If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copy each and every copy and draft which differs in any way from the original Document or from any copy or draft.

G.	If at any time you had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, any such Documents shall be identified as completely as possible by providing the following information: (i) the name(s) of the author(s) of the Document; (ii) the name(s) of the person(s) to whom the Documents or copies were sent; (iii) the date of the Document; (iv) the date on which the Document was received by each addressee, copyee, or its recipients; (v) a complete description of the nature and subject matter of the Document; (vi) the date on which the Document was lost, discarded, or destroyed; and (vii) the manner in which the Document was lost, discarded, or destroyed.

H.	With respect to any Document that deponent withholds under claim of privilege, the deponent shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privileged.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such Document: (i) the name(s) of the sender(s) of the Document; (ii) the name(s) of the author(s) of the Document; (iii) the name(s) of the person(s) to whom the Document or copies were sent; (iv) the job title of every person named in subparagraphs 1, 2 and 3 above; (v) the date of the Document; (vi) the date on which the Document was received by each addressee, copyee, or its recipient; (vii) a brief description of the nature and subject matter of the Document; and (viii) the statute, rule, or decision which is claimed to give rise to the privilege.

I.	If, after exercising due diligence to secure or produce the Document(s) requested, you cannot secure responsive Documents, you must identify which Request(s) for which you do not have a responsive Document, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), and providing the identity of the person (as defined below) who has possession, custody, or control of the requested Document(s).

J. All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined herein.

K. Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

L. Unless otherwise specified, the timeframe for this Document request is four years prior to the Petition Date.

M. As used herein, "identify" or "identification" means to set forth:

  a. When used with reference to a person:
    i. Full name;
    ii. Present or last known business address; and if an individual, his present or last known address and telephone number;
  b. When used with reference to a Document:
    i. The date the Document bears, and if not, under the date it was written;
    ii. Name and address of each person who wrote it or participated in the writing of it;
    iii. The name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;
    iv. The name and address of each person who received a copy of the Document;
    v. A description of the Document; for instance, a letter, memorandum, etc.;
    vi. The present location or custodian or if unknown, its last known location or custodian;
    vii. The present location or custodian of each known copy, or if unknown, its last known location or custodian;
    viii. If any Document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, and the date thereof.
  c. When used with an oral communication:
    i. The persons participating in such oral communication;
    ii. The date, number (telephone) and place at which each person who participated in or heard the oral communication was located;
    iii. A description of the circumstances surrounding the communication; for instance, meeting, speech, or conversation;
    iv. The name of each person who was present other than the participants; and
    v. The substance of the oral communication.

## *IDENTIFICATION OF DOCUMENTS*

In an effort to promote an orderly presentation of documentary evidence in this case, to ensure full compliance with this process and to facilitate the return of Documents to the owners thereof when they are no longer required, please identify each Document produced in response to these requests with identifying initials and consecutively number same ("Bates-stamp"). In addition, please place the Documents called for by each item of these requests in a separate enclosure marked with the paragraph number of the request to which it is responsive, or separate each set of Documents with exhibit tabs that correspond to the paragraph number of the request to which each set of Documents is responsive.

## *DOCUMENT REQUESTS*

1. Any and all of Your financial documents for the period December 15, 2012 to the present, including, but not limited to Electronically Stored Information, reflecting income You received directly or indirectly from owners who own residential units within the Condominium. Such documents include, but are not limited to, financial statements, accounting records, bank account records, checking account records, savings account records, signature cards, bank statements, cancelled checks, debit and credit memos, deposit slips, transcripts of savings accounts, records of transfer of funds by wire or collection, certificates of deposit, investment account records, custodian account records, applications for purchase of manager's checks, cashier's checks and/or treasurer's checks, together with the checks that were purchased, all other documents necessary to show and identify items credited to and drawn against each account, all correspondence or memoranda relating to each account, and Currency Transaction Reports, Federal and State tax returns, revenue and expense summaries, sales projections, creditor reports and ratings, schedules of assets and liabilities along with applicable bank verifications, and officers notes, etc., including all attachments and supporting documents.

2. Any and all of Your financial documents for the period December 15, 2012 to the present, including, but not limited to Electronically Stored Information, reflecting expenses of the Condominium that were paid directly or indirectly by You. Such documents include, but are not limited to, financial statements, accounting records, bank account records, checking account records, savings account records, signature cards, bank statements, cancelled checks, debit and credit memos, deposit slips, transcripts of savings accounts, records of transfer of funds by wire or collection, certificates of deposit, investment account records, custodian account records, applications for purchase of manager's checks, cashier's checks and/or treasurer's checks, together with the checks that were purchased, all other documents necessary to show and identify items credited to and drawn against each account, all correspondence or memoranda relating to each account, and Currency Transaction Reports, Federal and State tax returns, revenue and expense summaries, sales projections, creditor reports and ratings, schedules of assets and liabilities along with applicable bank verifications, and officers notes, etc., including all attachments and supporting documents.

3. Any and all of Your documents for the period December 15, 2012 to the present, including, but not limited to Electronically Stored Information, reflecting services provided to the Condominium by any person who is an Insider or Affiliate. Such documents include, but are not limited to, invoices, time sheets, employment contracts, financial statements, accounting records, bank account records, checking account records, savings account records, signature cards, bank statements, cancelled checks, debit and credit memos, deposit slips, transcripts of savings accounts, records of transfer of funds by wire or collection, certificates of deposit, investment account records, custodian account records, applications for purchase of manager's checks, cashier's checks and/or treasurer's checks, together with the checks that were purchased, all other documents necessary to show and identify items credited to and drawn against each account, all correspondence or memoranda relating to each account, and Currency Transaction Reports, Federal and State tax returns, revenue and expense summaries, sales projections, creditor reports and ratings, schedules of assets and liabilities along with applicable bank verifications, and officers notes, etc., including all attachments and supporting documents.

4. Any and all of Your communications from December 2012 to the present concerning preparation of budgets related to the Condominium.

5. Any and all of Your documents from December 2012 to the present concerning budgets related to the Condominium.

6. Any and all of Your communications from December 2012 to the present concerning collection of assessments related to the Condominium.

7. Any and all of Your communications from December 2012 to the present concerning settlement of claims with any owner of a residential unit within the Condominium.

8. Any and all of Your documents from December 2012 to the present concerning settlement of claims with any owner of a residential unit within the Condominium.

9. Any and all of Your communications from December 2012 to the present concerning settlement of any claim against You in any way related to the Condominium.

10. Any and all of Your communications from December 2012 to the present concerning insurance policies related to the Condominium.

## CERTIFICATE OF SERVICE

I hereby certify that that a copy of the foregoing *Plaintiff's First Request for Production of Documents to Defendant* has been furnished on May 31, 2017 by e-mail via the Florida Courts E-Filing Portal to **Barry P. Gruher, Esq.,** Genovese Joblove & Battista, P.A., PNC Bank Building, 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301 at

bgruher@gjb-law.com, Co-Counsel for Schecher Group, Inc.; and **David Marshall Brown, Esq.**, David Marshall Brown, P.A., 413 Southwest 5th Street, Fort Lauderdale, Florida 33315, Co-Counsel for Unit Owners[1], at DavidBrownFLL@gmail.com and to the following by U.S. Mail: **Steven M. Davis, Esq.,** Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, Florida 33134, Co-Counsel for Schecher Group, Inc. and Casablanca Rental Services, Inc.; and **Inger Garcia, Esq.**, Florida Litigation Group, P.A., 4839 Volunteer Road #514, Davie, Florida 33330, Co-Counsel for Unit Owners.

Respectfully submitted this 31st day of May, 2017.

>Messana, P.A.
>*Counsel for Sixty Sixty Condominium Association, Inc.*
>401 East Las Olas Boulevard, Suite 1400
>Fort Lauderdale, Florida 33301
>Telephone (954) 712-7400
>Facsimile (954) 712-7401
>E-mail: blieberman@messana-law.com
>
>/s/ Brett D. Lieberman
>Thomas M. Messana
>Florida Bar No. 991422
>Brett D. Lieberman
>Florida Bar No. 69583

---

[1] "Unit Owners" shall be defined as Ruben Lamothe, Miguel & Zulema Fava, Loremar Corp., David Georg, Importadora Interwheels SA, Jean Franois Filion, Richard and Alisa Monsees, Ivan Mahana, Elssitta LLC, Gerard and Laura Mafale, Numero 991, LLC, Rodrigo & Maria Velez Family Trust, Ana Nordeste Braathen, Cecilia Zsilavi and Pablo Carlos Mayaud-Maisonneuve, Ralf Bauchrowitz and Frank Jordan, Maria T. Velez, Peccho LLC, International Consulting Corp., Flavia and Franklin Campero, Roman Luis Malagon, Lydia Apodaca, Maria N. Schoentag, Mialio LLC, Villita LLC, Bolcar International, Inc., Bambamiami Inc., Jose Valera and Elyam Munoz, Pariano LLC, Elsa Depablos Bermudez, Dominique Sauvetre, Vintage Classics LLC, Valentin Investment LLC, Hugo Pedriel and Caroline Hogner, Niklas Albinsson-Collander, Henry Kwiatkowski, LC Geraci LLC, Alfer Investment Corp., Aspire Higher Inc., Boston RV Corp., Dagraju LLC, Alexandre Lombardo, and Luis Armando Lancheros and Roselia De Las M. Velasquez.