

**ORDERED in the Southern District of Florida on December 11, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| ASSOCIATION, INC., | |
| Debtor. | |
| | |
| SIXTY SIXTY CONDOMINIUM | |
| ASSOCIATION, INC., | |
| Plaintiff, | |
| vs. | ADV. NO. 17-01171-RAM |
| SCHECHER GROUP, INC., d/b/a | |
| SG SHARED COMPONENTS, | |
| Defendant. | |

**ORDER (1) DENYING MOTION TO ABSTAIN;
(2) CLARIFYING SCOPE OF PROCEEDING; (3) RESERVING
RULING ON MOTION TO RESET TRIAL; AND (4) SETTING FILING DEADLINE**

The Court conducted a hearing on December 8, 2017, on the Corrected Renewed Motion Requesting Order Setting Trial Date and Deadlines (the "Motion to Reset Trial") [DE# 108] and on Defendant, Schecher Group, Inc.'s (I) Response and Opposition to Motion Requesting Renewed Order Setting Trial Date and Deadlines; and (II) Motion for Mandatory and/or Permissive Abstention with Respect to the Shared Cost Adversary (the "Motion to Abstain") [DE# 105].

As the Court noted at the hearing, this adversary proceeding will only determine the Debtor's prepetition debt to the Defendant, the Schecher Group, Inc. (the "Schecher Group") as it may be affected by the Debtor's prepetition claims against the Schecher Group. Non-debtor individual unit owners were allowed to intervene "solely for the limited purpose of litigating the Baseline amount of shared costs due to the Defendant." Order Granting Motion to Intervene with Limitations (the "Intervention Order") [DE# 42]. As stated further in the Intervention Order, "[t]he Court will not be determining any issues in the state court foreclosure cases against the Intervenors other than the Baseline amount."

Because this proceeding will not determine each unit owner's liability to the Schecher Group, the Schecher Group's Motion for

2

Abstention will be denied as moot with respect to abstaining from resolving the Schecher Group's state law claims against non-Debtors. To the extent the Motion for Abstention relates to the Debtor's obligations to the Schecher Group, it will also be denied because the Court clearly has jurisdiction to determine the Schecher Group's claim and to determine the Schecher Group's prepetition indebtedness to the Debtor, and there is no cause to abstain from exercising that jurisdiction.

With respect to moving forward with the proceeding, the Court reiterates its general views expressed at the December 8th hearing. Consistent with the expedited deadlines in the Court's Amended Scheduling Order for Certain Pretrial Deadlines [DE# 62], the Court will again set expedited deadlines now that this adversary proceeding is going forward. This does not mean that the Court will impose impractical, prejudicial deadlines for completing discovery and getting to trial just because the state court has set a continued trial on February 20, 2018 in 31 foreclosure cases against individual non-Debtor unit owners.

At the conclusion of the December 8, 2017 hearing, the Court announced that it would likely set a deadline shortly after the expiration of KFI's due diligence period for the parties to file summary judgment motions and will likely schedule a hearing on the

3

summary judgment motions on or about February 9, 2018.  The Court also announced that it would allow document discovery to proceed now, on shortened notice, and may allow some depositions to be scheduled this month or in early January if the testimony is critical to frame the arguments in any of the contemplated summary judgment motions.

Based upon the foregoing, and the Court's additional comments at the December 8, 2017 hearing, it is –

**ORDERED** as follows:

1. The Schecher Group's Motion for Abstention is denied.

2. The Court reserves ruling on the Motion to Reset Trial.

3. The parties may serve requests for production of documents and the time for responding to document requests is shortened to 14 days from service of the discovery.

4. Pending further Order or agreement, neither party may notice depositions.

5. By December 18, 2017, the Debtor and the Schecher Group shall file Discovery Reports that include the following:

    A. A description of all remaining discovery, including depositions, that each side believes is necessary to prepare the case for trial; and

4

B. A description of discovery, including deposition discovery, necessary to prepare summary judgment motions on legal issues that will affect the Shared Cost determination, together with specific reference to each legal issue that the party believes will require further discovery to present or oppose the summary judgment motion.

###

COPIES TO:

Brett D. Lieberman, Esq.
Barry P. Gruher, Esq.
David Marshall Brown, Esq.
Inger Garcia, Esq.