

**ORDERED in the Southern District of Florida on December 20, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC., | |
| Debtor. | |
| SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC., | |
| Plaintiff, | |
| vs. | ADV. NO. 17-01171-RAM |
| SCHECHER GROUP, INC., d/b/a SG SHARED COMPONENTS, | |
| Defendant. | |

**SCHEDULING ORDER SETTING TRIAL AND
PRETRIAL DEADLINES AND ORDER DENYING MOTION TO COMPEL MEDIATION**

On December 11, 2017, the Court entered its Order (1) Denying Motion to Abstain; (2) Clarifying Scope of Proceeding; (3) Reserving Ruling on Motion to Reset Trial; and (4) Setting Filing Deadline (the "Dec. 11th Order") [DE# 111]. In compliance with the filing deadline in the Dec. 11th Order, Plaintiff filed Plaintiff's Discovery Report [DE# 119], and the Defendant filed Defendant, Schecher Group, Inc.'s Discovery Report ("Defendant's Discovery Report") [DE# 120]. Plaintiff also filed Debtor's Motion to Compel Mediation or Judicial Settlement Conference (the "Motion to Compel Mediation") [DE# 118].

The Court has reviewed the record, including Plaintiff's Discovery Report, Defendant's Discovery Report, and the Motion to Compel Mediation. Consistent with the views expressed at a December 8, 2017 hearing in this proceeding, and reiterated in the Dec. 11th Order, the Court finds it appropriate to set expedited deadlines for the filing of summary judgment motions and to allow only limited deposition discovery prior to the filing of summary judgment motions.

The deadlines for completing all fact and expert witness discovery will be shorter than the deadlines proposed by the Defendant in its Notice of Filing Defendant, Schecher Group, Inc.'s Proposed Pretrial Deadlines and Trial Dates [DE# 109], but longer

2

than the deadlines proposed by the Plaintiff in its Corrected Renewed Motion Requesting Order Setting Trial Date and Deadlines (the "Motion to Set Trial") [DE# 108]. Finally, although the Court encourages the parties to negotiate a settlement, the Court will not compel mediation or a further judicial settlement conference. Therefore, it is –

**ORDERED** as follows:

1. The Motion to Compel Mediation is denied.

2. The Motion to Set Trial is granted in part.

3. All summary judgment motions must be filed by January 12, 2018.

4. Responses to summary judgment motions shall be filed by January 31, 2018.

5. Replies in support of summary judgment motions shall be filed by February 9, 2018.

6. The Court will conduct a hearing on the summary judgment motions on **February 14, 2018** at **10:00 a.m.**, at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL 33128.

7. In addition to document discovery authorized in the Dec. 11th Order, the Plaintiff may depose Richard Schecher and the Defendant may depose Maria Velez prior to January 12, 2018. Unless

3

agreed to by the parties, no other depositions may be taken prior to the January 12, 2018 deadline for filing summary judgment motions.

8.  Defendant's request to conduct full discovery in preparation for filing and defending summary judgment motions, is denied without prejudice to the Defendant arguing that there are genuine disputes as to material facts in responding to any summary judgment motions filed by the Plaintiff.

9.  All fact discovery must be completed by March 1, 2018.[1]

10. All expert reports must be served by March 6, 2018.  Any rebuttal expert reports must be served by March 13, 2018.

11. Expert discovery shall be completed by March 27, 2018.

12. The parties shall file a final pretrial stipulation by April 6, 2018.

13. This proceeding will be tried commencing on **April 18, 2018** at **9:30 a.m.**, at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL  33128, and continuing, if necessary, on April 19th and April 20th.

14. By April 10, 2018, the parties shall:

---

[1] The Court finds the Defendant's list of proposed depositions is overbroad. In particular, the Court questions the need to depose the individual Unit Owners since the liability of the individual Unit Owners will not be determined in this proceeding.

4

      (a) file an Exhibit Register and Witness List. The Witness List shall include a brief summary of the testimony each witness is expected to present;

      (b) exchange a set of pre-marked exhibits with the other party and deliver to the Court's Chambers (but not file) a set of exhibits; and

      (c) The parties are encouraged to create an electronic set of exhibits and to exchange thumb drives instead of hard copies. If thumb drives with the exhibits are available at trial, the parties are also excused from preparing a hard copy set of exhibits for the witnesses.

15. By <u>April 13, 2018</u>, each side shall file and serve any objections to the admissibility of any proposed exhibits stating the grounds for the objection.

###

COPIES TO:

Brett D. Lieberman, Esq.
Barry P. Gruher, Esq.
David Marshall Brown, Esq.
Inger Garcia, Esq.