**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:
Sixty Sixty Condominium Association, Inc.                Case No. 16-26187-RAM

    Debtor-in-Possession.                                  Chapter 11
_____/

Sixty Sixty Condominium Association, Inc.                Adv. Case No. 17-01171-RAM

    Plaintiff.

v.
Schecher Group, Inc. d/b/a
SG Shared Components

    Defendant.
_____/

**EXIGENT MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM CASABLANCA RENTAL SERVICES, INC. RESPONSIVE
<u>TO SUBPOENA AND FOR SANCTIONS</u>**

Plaintiff and debtor-in-possession Sixty Sixty Condominium Association, Inc. ("**Plaintiff**" or "**Debtor**"), by and through undersigned counsel, files this *Exigent Motion to Compel Production of Documents from Casablanca Rental Services, Inc. Responsive to Subpoena and for Sanctions* (the "**Motion**") seeking entry of an order compelling Casablanca Rental Services, Inc. ("**Casablanca**") to produce all documents responsive to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* (ECF # 112) (the "**Subpoena**") and for sanctions. In support of this Motion, Debtor states the following:

**SUMMARY**

Casablanca ought to be compelled to respond to the Subpoena on an expedited basis.

Casablanca has had sufficient notice of the Subpoena and sufficient time to produce documents. Casablanca, an affiliate of the Schecher Group, Inc. ("**Schecher**"), seeks only to drive up costs and delay Debtor's efforts.

The Subpoena is narrowly tailored, reasonably calculated to lead to the discovery of admissible evidence, and would not impose any undue burden on Casablanca.

This adversary proceeding advances, among other things, objections to the claims of Schecher against the Debtor (the "**Objections**"). The Objections include, among others, that Schecher improperly assessed the Debtor for expenses beyond the scope of "shared costs" and that certain charges are in unreasonable amounts. Schecher's claims against the Debtor include, among other things, pass-through costs of Casablanca.

According to records produced by Schecher,[1] Schecher was charged approximately $178,865.36 by Casablanca. Such charges were passed along to unit owners, including the Debtor, as "shared costs."

Debtor ought to be permitted to investigate the nature and extent of charges being assessed against it as "shared costs", particularly in that: (i) Casablanca is responsible for paying all of its own operational costs; and (ii) certain Casablanca charges that may be chargeable to specific unit owners are not chargeable as "shared costs."

This Court ought to require Casablanca to immediately produce all documents responsive to the Subpoena and impose the costs of advancing this Motion as sanctions against Casablanca for its objectionable litigation tactics.

## BACKGROUND AND ARGUMENT

1. On December 5, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above captioned main bankruptcy case (the "**Main Case**" or "**MC**").

---

[1] Such records were produced only after motions practice and this Court setting deadlines and compelling Schecher and its affiliate, Condominium Hotel Management Corporation, Inc., to produce the responsive documents. MC ECF## 72 & 109.

2

2.      On April 27, 2017, Debtor filed the *Complaint to Determine Validity, Priority, and Extent of Liens, Setoff, Objection to Claim & Request for Declaratory Judgment* (the "**Complaint**") commencing this adversary proceeding against Schecher (the "**Adversary**" or "**AP**"). AP ECF #1.

3.      On November 30, 2017, during a hearing before this Court on several matters related to the Adversary, Debtor's counsel requested that discovery be allowed to investigate certain of Casablanca's records.

4.      In response, counsel for Casablanca ("**Casablanca Counsel**") represented to the Court that Casablanca would cooperate with the Debtor and produce the requested documents. [2]

5.      On December 1, 2017, counsel for the Debtor sent an e-mail to Casablanca Counsel requesting that Casablanca cooperatively provide the documents that are subject of the Subpoena.

6.      Casablanca failed and refused to produce the documents in response.

7.      On December 11, 2017, this Court entered its *Order (1) Denying Motion to Abstain; (2) Clarifying Scope of Proceeding; (3) Reserving Ruling on Motion to Reset Trial; and (4) Setting Filing Deadline* (the "**AP Order**"). AP ECF #111.

8.      Among other things, the AP Order permitted the parties to pursue document discovery and advised that the Court would shorten discovery response deadlines to 14 days.

9.      On December 11, 2017, Debtor filed a copy of the Subpoena to be served on Casablanca. AP ECF #112. On December 11, 2017, a copy of the Subpoena was sent to, among others, Casablanca Counsel through CM/ECF. AP ECF #115. [3]

---

[2] "We've provided a ton of financial documents, we've provided hotel revenue reports, and – um- the expenses of the hotel program are not – and we'll show that through Mr. Schecher – the expenses of the hotel program are not charged to the 6060 unit owners everything is separate. So we've given them so much documents and it would seem to me that if there's other documents they want we'd be happy to give it to them." - Mr. Davis (pending official transcript).

[3] According to Casablanca's Motion for Protective Order (ECF #126), it appears that Casablanca Counsel takes the position that it was not counsel to Casablanca in this Adversary notwithstanding that when issues of discovery related to Casablanca arose in the Adversary, Casablanca Counsel made representations and arguments on Casablanca's behalf. Casablanca Counsel attempted the same tactic in February 2017 when Debtor sought discovery from Condominium Hotel Management Company, another Schecher affiliate. *See* MC ECF #99 & 109.

10. Also on December 11, 2017, Debtor filed its *Plaintiff's Ex Parte Motion to Shorten Time for Responses to Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Bankruptcy Case* (the "**Motion to Shorten**"). AP ECF #113.

11. The Motion to Shorten was served upon, among others, Casablanca Counsel through CM/ECF. ECF #116.

12. The Motion to Shorten was granted on December 12, 2017. AP ECF #114. This Court set the deadline for Casablanca to respond to the Subpoena on December 26, 2017 at 5:00 pm. AP ECF #114. The order granting the Motion to Shorten was served upon, among others, Casablanca Counsel through CM/ECF on December 12, 2017. AP ECF#117.

13. On December 21, 2017, counsel for Schecher inquired of undersigned whether the Subpoena had been personally served and explained that Schecher was analyzing its potential objections the Subpoena.

14. Schecher's counsel was advised that Casablanca Counsel had made an appearance in this matter and had been served with the Subpoena. Nevertheless, on December 22, 2017, the Subpoena was served upon Casablanca's registered agent by personal service.

15. Counsel for Schecher and undersigned did communicate and try to resolve objections that Schecher might have. However, **in violation of Local Rule 7026-1(F)**, Casablanca Counsel made no effort whatsoever to resolve any discovery issues related to the Subpoena.

16. Instead, without a good faith conference, Casablanca filed its *Motion for Protective Order by Non-Party, Casablanca Rental Services, Inc. to Plaintiff, Sixty Sixty Condominium Association, Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* ("**Motion for Protective Order**"). AP ECF #126.

17. Casablanca's Motion for Protective Order largely appears to argue that the requests of the Subpoena are not relevant to the Adversary.

18. However, the Subpoena seeks (collectively, the "**Subpoena Documents**"): (i) monthly reports detailing the income and expenses incurred by Casablanca in connection with the Sixty Sixty

Condominium; (ii) the contracts between Casablanca and residential unit owners; and (iii) contracts between Casablanca and vendors that provide services to the Sixty Sixty Condominium.

19. The Subpoena Documents are probative of, among other things, costs incurred by Casablanca, charged to Schecher, and assessed to the Debtor as "shared costs." Additionally, the Subpoena Documents would tend to lead to evidence regarding the appropriateness of the amounts assessed by Schecher as "shared costs" and the reasonableness of the expenses. Under the Declaration, Schecher is not permitted to earn a profit through assessments of "shared costs" and ought not be permitted to earn such profit through its closely held business entities.

20. The Subpoena Documents are thus *extremely* relevant to the Adversary.

21. After the filing of the Motion for Protective Order, Debtor's counsel spoke to Casablanca Counsel and Schecher's counsel as part of its good faith efforts to resolve discovery disputes prior to filing this Motion. Debtor's understanding is that Casablanca has agreed to produce a subset of the responsive documents, but maintains its objections to the balance of the requests. Debtor appreciates Casablanca's efforts to narrow the disputed issues. But, for a complete analysis, Debtor requests that all documents responsive to the Subpoena be produced.

## RELIEF REQUESTED

22. Rule 37 of the Federal Rules of Civil Procedure ("**Rule 37**"), which is made applicable in adversary proceedings through Rule 7037 of the Federal Rules of Bankruptcy Procedure, provides at subparagraph (a)(1) that after a good faith conference, "a party may move for an order compelling disclosure or discovery" when a party fails to produce documents.

23. Rule 37(a)(5)(A) further provides the court *must* "…require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

24. Through 11 U.S.C. § 105 and inherent powers, this Court is further empowered to "impose sanctions to assure compliance with subpoenas." *See, e.g.*, *In re Rosebar*, 505 B.R. 82, 87 (Bankr. D.D.C. 2014).

WHEREFORE, for all the reasons explained above, Debtor respectfully requests this Court enter an Order: (i) granting this Motion; (ii) compelling Casablanca to immediately produce all documents responsive to the Subpoena; (iii) issuing sanctions in amount of the attorney's fees incurred for bringing this Motion; and (iv) granting such other and further relief as the Court deems necessary or appropriate.

Respectfully submitted on December 29, 2017

        MESSANA, PA
        *Counsel for the Debtor*
        401 East Las Olas Boulevard, Suite 1400
        Fort Lauderdale, FL 33301
        Telephone: (954) 712-7400
        Facsimile: (954) 712-7401
        Email: blieberman@messana-law.com

        /s/ Brett D. Lieberman
        Thomas M. Messana
        Florida Bar No. 991422
        Brett D. Lieberman
        Florida Bar No. 69583