UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

SIXTY SIXTY CONDOMINIUM                    CASE NO.: 16-26187-RAM
ASSOCIATION, INC.,                         Chapter 11

    Debtor-in-Possession.
_____/

SIXTY SIXTY CONDOMINIUM                    Adv. Case No. 17-01171-RAM-BKC
ASSOCIATION, INC.,

    Plaintiff,
v.

SCHECHER GROUP, INC. D/B/A
SG SHARED COMPONENTS

    Defendant.
_____/

**RESPONSE AND OPPOSITION TO EXIGENT MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM CASABLANCA RENTAL SERVICES, INC. RESPONSIVE TO SUBPOENA AND FOR SANCTIONS**

    Non-party, Casablanca Rental Services, Inc. ("Casablanca" or "Respondent"), by and through counsel, and pursuant to Rules 26 and 37, Fed.R.Civ.P, as incorporated by Rule 7026 and 7037, Fed.R.Bank.P., and Local Rule 7026-1(F), files this Response and Opposition To Exigent Motion To Compel Production Of Documents From Casablanca Rental Services, Inc. Responsive To Subpoena And For Sanctions (the "Response") to Plaintiff/Debtor, Sixty Sixty Condominium Association, Inc.'s ("Plaintiff" or "Debtor") Exigent Motion to Compel Production of Documents from Casablanca Rental Services, Inc. Responsive to Subpoena

1

and for Sanctions (the "Motion to Compel")[1] [Adv. D.E. #127] seeking entry of an order compelling Casablanca to produce all documents responsive to the Subpoena to Produce Documents, Information, or Objects or to Permit inspection of Premises in a Bankruptcy Case [Adv. D.E. #112] (the "Subpoena") and for sanctions and states, as follows:

## ARGUMENT

In the Motion to Compel, the Plaintiff unfairly takes aim at the Motion for Protective Order By Non-Party, Casablanca Rental Services, Inc. to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in an Bankruptcy Case (the "Motion for Protective Order")[Adv. D.E. # 126], while failing to demonstrate the necessity for the production of all requested documents in the Subpoena and imposing sanctions against Casablanca under 11 U.S.C. §105. The Respondent should not be compelled to respond to the Subpoena on an expedited basis or otherwise since, among other thing, the Motion for Protective Order was responsive to the Subpoena and articulated the grounds upon which it objected to this discovery. Nevertheless, the Subpoena that was eventually served on Casablanca, a non-party to this action, is overbroad, seeks confidential and proprietary information concerning Respondent's business, would be costly to respond to such discovery, and seeks wholly irrelevant documents. Indeed, Casablanca is not a creditor of the Debtor and has no contractual relationship with the Debtor.

As noted, Casablanca is a separate, independent company which rents Residential Units (hotel rooms) at the 6060 Building on behalf of Residential Unit Owners (hereinafter "RUOs") who voluntarily choose to place their Unit(s) with Casablanca to provide participants with a stream of revenues through paying hotel guests and rental income. This business arrangement

---

[1] Unless otherwise specified herein, all capitalized terms shall have the same meaning as used in the Motion for

2

has never been disputed by Plaintiff. Moreover, there is no dispute that the Debtor Units (CU#1-4 and RU #505) are not part of the hotel rental program[2]. Significantly, although the Plaintiff owns Unit 505, it has no rental contract with Casablanca and, at the direction of the Debtor's board of directors, this Unit inexplicably sits vacant and has been vacant for nearly a year into the Bankruptcy Case. Rather than generate income for the Debtor's estate, RU # 505 has been a wasting estate asset.

Through the rental program, participating RUOs receive a portion of the hotel income or a guaranteed monthly payment depending on their contractual relationship with Casablanca. Casablanca bears its own expenses and is not funded by the Defendant, Schecher Group, Inc. ("Schecher Group" or "Defendant"). Although Casablanca does not charge its own operational expenses to the Schecher Group, there are instances where charges from Casablanca are recoverable from the Schecher Group as advances for Shared Costs or for reimbursement of services attributable to a Unit in the rental program.

Rule 45(d)(1) of the Federal Rules of Civil Procedure, applicable pursuant to Federal Rules of Bankruptcy Procedure Rule 7037 provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Debtor failed to take ANY steps to avoid imposing the burden of compliance upon Casablanca as demonstrated by the record in the Shared Cost Adversary. Importantly, on December 11, 2017, the Court entered its Order (1) Denying Motion to Abstain; (2) Clarifying

---

[2] The Commercial Units are not eligible for the rental program. However, upon information and belief, the last time RU #505 was in the rental program dates back to January, 2017, shortly after the Petition Date.

3

Scope of Proceedings; (3) Reserving Ruling on Motion to Reset Trial; and (4) Setting Filing Deadline (the "Abstention Order")[Adv. D.E. #111] clarifying the scope of the adversary proceedings as such:

> "As the Court noted at the hearing, this adversary proceeding will only determine the Debtor's prepetition debt to the Defendant, the Schecher Group, Inc. (the "Schecher Group") as it may be affected by the Debtor's prepetition claims against the Schecher Group. Non-debtor individual unit owners were allowed to intervene "solely for the limited purpose of litigating the Baseline amount of shared costs due to the Defendant." Order Granting Motion to Intervene with Limitations (the "Intervention Order") [DE# 42]. As stated further in the Intervention Order, "[t]he Court will not be determining any issues in the state court foreclosure cases against the Intervenors other than the Baseline amount."

Certainly, the clarifying of scope of the Abstention Order simplifies the subject matter of relevant discovery. The Debtor's prepetition debt is made up of Shared Cost assessments (largely unpaid by the Debtor) based on prior year budgets and special assessments ( or charges) based upon approved formulas for monthly charges contained within the ledgers for each Debtor Unit, as provided in the Declaration of Condominium [Main Case, D.E. #138]. Casablanca expenses are not a part of Shared Cost assessments. The budgets and a detailed ledger of the Debtor's account have already been produced in the Shared Cost Adversary. Accordingly, rental contracts with other Unit owners (RUOs) have no bearing or relevance on the pre-petition indebtedness at issue in the pending adversary proceeding. As Casablanca expenses are not being assessed across the board to Unit owners or the Debtor, those expenses have no relevance either, and documents produced by Schecher Group support this position.

As for the assertions made in the Motion to Compel, specifically, with respect to the statement by the Plaintiff [Adv. D.E. #127, pg. 2] that:

> "Schecher was charged approximately $178,865.36 by Casablanca. Such charges were passed along to unit owners, including the Debtor, as "shared costs"",

such claim is false and unsupported by the documents already produced by the Defendant. First, Unit owners have generally not paid their assessments for a sustained and unreasonably prolonged period of time. Second, the Shared Cost assessments are based on the annual budgets, which historically have not been challenged by the Debtor or RUOs until *after* the Petition Date. To the extent that Casablanca charged Schecher Group an expense such charges would likely be the result one of two things:

(a)     a Shared Component expense that Casablanca paid on behalf of Schecher Group for the 6060 Building when the Schecher Group was short on cash due to the payment strike by RUOs (encouraged by Plaintiff), even for undisputed Shared Costs for items such as Utilities, which Casablanca billed back to the Schecher Group for reimbursement; and

(b)     a *de minimis* cleaning fee for a Unit owner who requested their Unit be cleaned by Casablanca and who may not necessarily be in the rental program. In such case, the Unit owner would be billed a fee for these services directly by the Schecher Group and, in turn, the Schecher Group would be responsible to pay the fee to Casablanca.

The Motion to Compel does not itemize the $178,865.36 in claims, provide any expert affidavit in support of any accounting discrepancy, but simply makes the bold assertion that the charges were passed along as Shared Costs, thus implying there was something improper with the Shared Cost assessments. In any event, rental contracts with RUOs concerning Non-Debtor Units would have no relevance to the issues raised by the Plaintiff in the Motion to Compel of the Shared Cost Adversary. Nonetheless, the Respondent has agreed, on a limited basis, to provide back-up documentation responsive to the Subpoena supporting certain charges identified by Plaintiff. Accordingly, for the reasons stated herein, the Motion for Protective Order should

be granted and this Response sustained. Lastly, the Motion to Compel, including a request for sanctions against Casablanca, should be denied.

**WHEREFORE**, the Movant, Casablanca Rental Services, Inc., respectfully requests that the Court enter an Order (i) sustaining this Response; (ii) granting the Motion for Protective Order; (iii) denying the Motion to Compel and request for sanctions; (iv) issuing a protective order pursuant to Rules 26(c) and 34 Fed. R.Civ.P., as incorporated by Rules 7026 and 7034, Fed.R.Bankr.P, consistent with the relief requested herein; and (v) for such relief as the Court deems just and proper.

**Dated: January 9th, 2018.**

**BECKER & POLIAKOFF, P.A.**
*Attorneys for Casablanca Rental Services, Inc.*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433 Telephone
E-mail: Sdavis@bplegal.com

By: _____
Steven M. Davis
Florida Bar # 894249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification and/or E-mail to all parties on the attached Service List on this 9th day of January, 2018.

By: _____
Steven M. Davis
Florida Bar # 894249

## SERVICE LIST

David Marshall Brown on behalf of Creditor Collective Unit Owners
DavidBrownfll@gmail.com

Steven M Davis on behalf of Defendant Schecher Group, Inc.
sdavis@bplegal.com

Inger M. Garcia on behalf of Creditor Collective Unit Owners
attorney@ingergarcia.com

Barry P Gruher on behalf of Defendant Schecher Group, Inc.
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com

Brett D Lieberman on behalf of Plaintiff Sixty Sixty Condominium Association, Inc.
blieberman@messana-law.com, emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;thurley@messana-law.com;mwslawfirm@gmail.com

ACTIVE: 10479865_1